Tyson *vs.* Rogers.

---

WILLIAM H. H. TYSON, plaintiff in error, *vs.* HARRISON ROGERS, defendant in error.

1. In the absence of any authority by Congress necessity will not authorize the impressment of slaves by the military authorities for hospital purposes, such as for cooks and nurses, etc., especially when the army regulations provide that men may be detailed from enlisted men or volunteers for that purpose.

Possessory warrant, in Whitfield Superior Court, tried before Judge WALKER, the 21st March, 1863.

Mr. Justice LYON gives a full statement of the facts of this case, in delivering the opinion of the Court.

J. W. H. UNDERWOOD, for plaintiff in error.

JACKSON, for defendant in error.

*By the Court*—LYON, J., delivering the opinion.

All the able-bodied soldiers on duty, in the hospitals at Dalton, as cooks and nurses, having been ordered to report to their respective commands for active duty in the field, and convalescents, being unable, with a proper regard to their health and the public service, to perform the necessary duties of cooks and nurses in the several hospitals, established at that post, it became necessary, if the order was enforced as to detailed soldiers for that service, to hire cooks and nurses for that purpose, and as that was impossible, the commandant of the post was directed, by the Commander of the Army of Tennessee, to which department the post at Dalton belonged, to impress negro slaves for this service.   The evidence was very clear, that if details for cooks, nurses, etc., from the army were refused, that it was absolutely necessary that impressment of cooks and nurses from slaves should be made, or the sick and wounded in the hospitals at that place would suffer for the want of the necessary attention.   Under this state of facts, about sixty negroes, belonging to persons in the vicinity, were impressed by the Quartermaster, under the orders of the commandant of the post, and put upon these duties.   Among them was the negro of the defendant, Harrison Rogers, who sued out against the plaintiff in error, Capt. William H. H. Tyson, the Commandant of the Post, a possessory warrant for the negro.   And upon the hearing thereof before Judge Walker, he ordered the negro to be returned to the possession of the owner, on the ground, that such a case of *extreme necessity* was not made out by the facts as would justify the impressment.   To which decision the defendant on the trial below excepted, and that is the question now before us.

At the time of this impressment there was no statutory provision allowing or regulating the impressment of slaves for hospital uses and service, and the right, on the part of the Commandant of the Post or of the General in command of that Department, to make the impressment, was based, not upon any authority of law so to do, but upon the ground of

*necessity* alone, of which, the impressing officer or the officer ordering the impressment was to judge; and this right is claimed to exist in the absence of all authority by law.

We did not consider it necessary, in adjudicating this case, to determine the question, whether a military commander has the right to impress or seize the private property of a citizen in the absence of any express statutory provision authorizing and regulating such seizure, even if it be true that it is absolutely necessary and indispensably so, for the benefit of the public service, that such seizure should be made; because the case may be disposed of without settling so important a principle. This is our uniform practice, and by adhering to it, we avoid hasty and precipitate judgment, that it might never be necessary to make, or in the formation of which, when necessary, we would be aided by further discussion and authority.

As this subject has been one of frequent discussion in the Court, I do not hesitate here to remark, that I very greatly doubt whether any person, whatever may be his official character, has the right to seize the private property of the citizen, no matter how great may be the public exigency, so long as the law affords protection, unless such seizure be especially authorized by law, and then only upon just compensation made, of which the impressing officer, the Government, nor its agents must judge.

As to this case, we agree with the Court below, that if an impressment could be made in case of extreme necessity, upon the facts and army regulations, this was not one where an impressment was necessary. It was not one, without which, the purpose of the Government, that is the proper care of and attention to the patients of the hospitals, could be accomplished.

Sections 1187 and 1188 of the army regulations provide two modes for obtaining cooks and nurses for hospitals—by detail, from enlisted men or volunteers of the army, and the other by employing them outside of the army. Although a sufficient number could not be employed outside of the army, yet there was no reason why details could not be made from

the army. In fact, details had been made, but were ordered off, and thus the necessity was created by the acts of the commander who ordered the impressment. It is no answer to this that the public service required that all able-bodied soldiers should be sent to the field; because it was the duty, or rather the province, of Congress to declare what was for the good of the public service, and not the commanders in the field or at posts; and Congress having expressed its sense, by the adoption of the army regulations, as to how cooks and nurses should be obtained, it was the duty of the commander to provide cooks, nurses, etc., in the manner prescribed, and not to invent and enforce a different one. A case of necessity for impressment could not possibly exist under the circumstances.

Let the judgment be affirmed.